JOHNSON, APPELLEE, *v.* JOHNSON, APPELLANT.

(No. 229—Decided March 4, 1957.)

*Mr. John W. Wilke* and *Mr. John X. Monahan,* for appellee.
*Mr. Harry A. Schwartz, Mr. Donald H. Rolf,* and *Mr. Fred L. Hoffman,* for appellant.

LONG, J. This cause comes into this court on an appeal on questions of law from the Court of Common Pleas of Warren County, Ohio. The plaintiff, appellee herein, was granted a divorce, the custody of the minor child of the parties, and was awarded a division of property of a substantial nature together with an order against the defendant, appellant herein, for support of the minor child.

The appellant sets out four assignments of error which he contends entitle him to a new trial:

"I. The trial court's decision is contrary to law and manifestly against the weight of the evidence.

"II. Separate findings of fact and conclusions of law should have been given by the court.

"III. Unequal division of property was an abuse of discretion by trial court.

"IV. The trial court erred in admitting evidence offered by the plaintiff over the objection of the defendant."

This court has read the record of the testimony and the briefs of counsel, and has concluded that there is no merit to

the first three assignments of errors. However, we are concerned with and have given careful consideration to the fourth claim of error. In the reading of the law on the subject we find that an allowance of alimony to a wife or division of property rights between husband and wife depends in a large measure upon the circumstances of the parties. Among these circumstances are the condition of the wife as to finances, health, means of support, obligations and dependents—in fact any circumstances about her station in life including her age.

In arriving at the condition of the wife's health in the case at bar, her counsel urged upon the trial court, and that court admitted in evidence, the following open letter on the stationery of Dr. Lowe H. Wiggers, Jr.:

"Lowe H. Wiggers, Jr., M. D.
"411 Wyoming Avenue
"Cincinnati 15, Ohio                              Wyoming
   "PO-16700
                                        "May 28, 1956

"To whom it may concern:

"Mrs. Lonie Johnson has been under medical treatment in this office.

"She has multiple functional complaints due to chronic nervous tension.

"She also has pelvic muscle relaxation, with a cystocele, which may require surgery in the near future.

                              "Yours truly,

                              "Lowe H. Wiggers, Jr., M. D."

In oral argument it was urged by counsel that this letter was admitted "for what it was worth." We have diligently searched the record for any comment of this nature by the trial court, and find no such statement. As a matter of fact, we have read in vain for any testimony from either the husband or wife, except generalities, which might throw light on the state of health of the wife. We can, therefore, conclude but one thing, and that is that the trial court permitted the letter of

Dr. Wiggers to be admitted, so that the court might ascertain the wife's condition of health, from which it might arrive at the amount of alimony and the division of property rights.

We find the weight of authority on this subject well stated in 27 Corpus Juris Secundum, 957, Section 233, as follows:

"Generally the wife's condition and means, including her age and health, needs, obligations, and dependents, and her station in life, are to be considered in determining the question of alimony."

In view of the record in the case at bar, we can come to no other conclusion than that the trial court followed this injunction, and "considered" the plaintiff's condition of health from the information contained in Dr. Wiggers' letter. The letter, at best, is hearsay evidence. What opportunity did the husband's counsel have to cross-examine the doctor?

We find that the trial court committed error, prejudicial to the appellant, in admitting the letter of Dr. Wiggers. The judgment of the trial court is, therefore, reversed, and the cause remanded for a new trial.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.